AO 91 (Rev.11/11) Criminal Complaint

**United States District Court**
for the
**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**May 07, 2026**

SEAN F. McAVOY, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No.: 1:26-mj-4084ACE |
| v. | ) | |
| JORGE IVAN MORENO-AVILA, | ) | |
| *Defendant.* | ) | |
| | ) | |

**CRIMINAL COMPLAINT**

I, *Isaac Hernandez*, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) October 17, 2025, in the county of Yakima in the Eastern District of Washington, the defendant, JORGE IVAN MORENO-AVILA, violated: 18 U.S.C. § 933(a)(3) – *Attempt to Traffick Firearms*

This complaint is based on these facts:

☒ Continued on the attached sheet.

*Isaac Hernandez*

*Complainant's signature*

*SA Isaac Hernandez, ATF*

*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: May 07, 2026, 2:17 pm

*Alexander C. Ekstrom*

City and state: Yakima, Washington

*Judge's signature*

*Alexander C. Ekstrom, United States Magistrate Judge*

*Printed name and title*

*AUSA: CAB*

*County: Benton*

*In Re: Affidavit in Support of Criminal Complaint for Jorge Ivan MORENO-Avila*

STATE OF WASHINGTON    )
                       : ss
Benton County          )

## AFFIDAVIT

I, Isaac Hernandez, Special Agent, being first duly sworn on oath, deposes and states:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since October 2021.  As an ATF Special Agent my principal duties include investigations into the illegal possession and use of firearms by prohibited persons, the criminal use of firearms in furtherance of violent crimes, organized crime, and the illegal smuggling of firearms from the United States into Mexico.  My first duty station as an ATF Special Agent was in San Antonio, TX, where I was assigned to a Firearms Trafficking group.  During my time in this group, I investigated numerous firearms trafficking schemes.  Many of the investigations involved international firearms trafficking schemes as San Antonio, TX and the surrounding areas served as source locations of firearms that were procured by subjects with intention of the firearms being smuggled into Mexico to support Foreign Terrorist Organizations.

2.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents/officers and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all my

Affidavit of Special Agent Isaac Hernandez - 1                    1:26-mj-4084-ACE

knowledge about this matter.

## INVESTIGATION

3.    On October 17, 2025, Jorge I. MORENO-Avila ("MORENO-Avila") attempted to ship a cardboard package to Michoacan, Mexico via the shipping company DATT Express, in Yakima, Washington.  The package listed the contents as clothing items; however, the package was opened by employees of DATT Express and multiple firearms and firearm parts were discovered.  The sender's name on the shipping label on the package was "Ulises" with a listed phone number of (509) 490-0234.  At least one of the firearms from the package had a serial number that was attempted to be destroyed.

4.    On October 24, 2025, multiple federal search warrants were executed, to include at MORENO-Avila's residence in Yakima, his person, and his vehicle. Post-*Miranda*, in summary, MORENO-Avila initially denied any knowledge of firearms being contained within the package.  Instead, MORENO-Avila claimed that a person named "Ulises" had provided the package "sealed" and asked that MORENO-Avila ship it for him.  MORENA-Avila gave several different and conflicting stories about "Ulises" and their relationship.  When asked about the phone number on the shipping label, MORENO-Avila initially denied knowing who that phone number belonged to; however, he eventually admitted that this was a phone number he had been using for some time.  Agents explained to MORENO-Avila that the firearms (in the shipping box) would be processed for DNA and fingerprints and MORENO-Avila subsequently admitted that he had handled the firearms and helped package them, and that such testing was not needed. MORENO-Avila ultimately advised he knew sending firearms to Mexico was a crime and that he did not have a license to send firearms to Mexico.  MORENO-Avila admitted his cell phone would contain conversations about purchasing and selling firearms.

Affidavit of Special Agent Isaac Hernandez - 2                    1:26-mj-4084-ACE

5.      During the interview, other ATF investigators executed the search warrant at MORENO-Avila's residence.  Of note, investigators located two firearms and a Dremel tool as well as an identification with MORENO-Avila's picture under the name "Ulises Baca-Medina".  MORENO-Avila ultimately admitted that identification was false.  MORENO-Avila said that he had located the two firearms that were found in his residence about a month prior in a black case in a field near Moxee, Washington.  MORENO-Avila said he did not know the caliber of rifles.

6.      MORENO-Avila also mentioned that he had "jokingly" told someone he could erase a firearm's serial number.  This was particularly of note given the recovery of a Dremel tool from his residence, which can be used to remove/obscure serial numbers on firearms as well as the fact that one of the recovered firearms from the package had a serial number that was attempted to be destroyed (discussed above).

## CONCLUSION

7.      Based upon the above facts, I believe probable cause exists to charge Jorge Ivan MORENO-Avila with Firearms Trafficking (attempt), in violation of 18 U.S.C. § 933(a)(3).

8.      18 U.S.C. § 933(a)(1) prohibits the shipping, transporting causing to be transported or otherwise disposing of a firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reason to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony.  18 U.S.C. § 933(a)(3) prohibits an attempt to do the same.

9.      There are several felonies at issue with this conduct, to include 18 U.S.C. §  922(k) transporting a firearm with an obliterated / altered serial number as well as 18 U.S.C. § 544 to attempt to smuggle goods out of the United States (firearms).

Affidavit of Special Agent Isaac Hernandez - 3                          1:26-mj-4084-ACE

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Isaac Hernandez*
Isaac Hernandez, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to telephonically and signed electronically this 7th day of May, 2026.

*Alexander C. Ekstrom*
Alexander C. Ekstrom
United States Magistrate Judge